**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RANDALL MCCRAY, ID # 1511887,** )<br>　　　　**Petitioner,** )<br>**vs.** )<br>　　　　　　　　　　　　　　　　　　　 )<br>**NATHANIEL QUARTERMAN, Director,** )<br>**Texas Department of Criminal** )<br>**Justice, Correctional Institutions Division,** )<br>　　　　**Respondent.** ) | **No. 3:09-CV-0930-N-BH**<br><br>**Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3-251*, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on or about May 20, 2009. On May 21, 2009, the Court issued a Notice of Deficiency and Order ("NOD") notifying him that he had not paid the required $5 filing fee or submitted a request to proceed *in forma pauperis* ("IFP") with a certificate of inmate trust account. It mailed him a form application to proceed IFP and ordered him to either file an IFP application or pay the $5 filing fee within thirty days. Although the NOD specifically warned that the failure to comply with the order could result in the dismissal of this action pursuant to Fed. R. Civ. P. 41(b), petitioner did not file an IFP application until after the thirty-day period had passed and a recommendation of dismissal had been filed.

Upon receiving the IFP application, the Court *sua sponte* vacated the recommendation of dismissal, considered the financial information provided with the application, and determined that

petitioner had sufficient fees to pay the $5.00 filing fee. On June 30, 2009, it directed petitioner to pay the filing fee within thirty days of the date of the order and warned that a failure to do so would result in a recommendation that IFP be denied. More than thirty days from the date of that order have passed, but petitioner has not paid the required $5.00 filing fee.

## II. IFP

Petitioner's IFP application is accompanied by a computer printout setting forth his trust fund account statement for the six month period immediately preceding the filing of this action, as required by 28 U.S.C. § 1915(a). After carefully evaluating the trust fund account statement, it appears that petitioner has sufficient assets to pay the full filing fee in this action.

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Petitioner's trust fund account statement indicates that his balance at the time of its filing was $70.01. Petitioner does not indicate that he has any other demands on his financial resources. The Court should, therefore, conclude that petitioner will not suffer undue financial hardship after payment of the $5.00 filing fee, and deny petitioner permission to proceed *in forma pauperis* in this action.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order of June 30, 2009, that he pay the $5 filing fee within thirty days. Accordingly, the Court may appropriately dismiss this action without prejudice for petitioner's failure to prosecute the action.

### IV. RECOMMENDATION

For the foregoing reasons, the Court should **DENY** the application to proceed *in forma pauperis* (doc. 4) received from petitioner on June 29, 2009. If petitioner does not pay the $5.00 filing fee within the time for filing objections to this recommendation, the Court should dismiss this action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 10th day of August, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE